COLLIER BRIDGE CO. v. CHARLES LIPPERT.

1. PAYMENT OF LABORER'S TIME CHECKS, PURSUANT TO PROMISE OF PRINCIPAL CONTRACTOR, IS MADE FROM FUNDS DUE SUB-CONTRACTOR.

A promise by a principal contractor to pay the time checks issued to the laborers employed by a sub-contractor must be interpreted only as a promise to pay such checks in the event there is something due the sub-contractor.

2. PROMISE TO PAY SUB-CONTRACTOR'S TIME CHECKS NOT WITHIN STATUTE OF FRAUDS.

Where there is enough money due sub-contractor to meet the laborer's time checks presented, the promise of principal contractor to take them up is not a promise to answer for the debt of another, but to pay to a third party a debt due from him to the sub-contractor, and is therefore not within the statute of frauds.

[Syllabus approved by the court.]

ERROR to common pleas court.

*Stephens, Lincoln & Stephens,* for plaintiff in error.

*Renner & Renner* and *Eugene Heim,* for defendant in error.

## GIFFEN, P. J.

There is nothing on the face of the certificates signed "W. S. Hood, Supt." to indicate that Hood represented the bridge company as superintendent or manager, and the course of dealing between the plaintiff, Lippert, and the defendant bridge company indicates merely that the defendant would continue

to pay the time checks issued to the laborers only so long as there was money due to Hood as sub-contractor.

This course of dealing is also corroborative of the testimony of the president of the company that he told the plaintiff when the time checks were presented, "If we owed Mr. Hood on the final estimate we would be glad to pay it; we would not assume them."

Even if, as the plaintiff testifies, Collier told him that "Those will be paid when they are due, the 25th of September," it was necessarily implied, in the absence of other statements or circumstances, that they would be paid only in the event the amount was due to Hood as sub-contractor. Unless upon final estimate it was found that the money was due to Hood there could be no benefit to the company nor detriment to the plaintiff as a result of the promise to pay. The plaintiff, at the time the promise was made, said nothing and did nothing of benefit to the company or detrimental to himself. The final estimate showed that Hood's account was overdrawn about $1,400, and the company was therefore justified in refusing payment.

The charge of the court on the statute of frauds, quoted in the brief of counsel for plaintiff in error, is qualified by the next clause as follows, "If you find therefore the leading object of the Collier Bridge Co. was to avoid a liability on its own part, then the promise to pay need not have been in writing," which fairly states the rule announced in the case of *Crawford v. Edison*, 45 Ohio St. 239 [13 N. E. Rep. 80]. If the Collier Bridge Co. at the time was indebted to Hood, the sub-contractor, in an amount sufficient to pay the time checks presented by the plaintiff the promise was not to answer for the debt of another, but to pay the debt of the company, upon the order of the creditor to a third party, and therefore not within the statute of frauds.

The judgment must be reversed for error in overruling the motion for a new trial upon the ground that the verdict is not sustained by sufficient evidence, and the cause is remanded for a new trial.

**Smith** and **Swing, JJ.,** concur.